```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TERESA DE PEREZ, *pro se*,                   :
                                             :
                                             :
                    Plaintiff,               :            **SUMMARY ORDER**
                                             :            13-CV-2442 (DLI)
            -against-                        :
                                             :
UNITED STATES POST OFFICE,                   :
                                             :
                                             :
                    Defendant.               :
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Teresa De Perez ("Plaintiff") brings this action against the United States Post Office ("USPS"), seeking monetary damages for improper mail delivery. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is granted; however, the complaint is dismissed with prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that, on December 14, 2012, she purchased a money order from a branch office of the USPS located on Junction Boulevard in Elmhurst, Queens. (Complaint ("Compl."), Dkt. Entry No. 1.) Plaintiff alleges that she "sent [the money order] to Dell Catalog. But the money order never reach[ed] its destination. It was lost and cashed by someone." (*Id*. at 1.) Plaintiff seeks monetary damages for the value of the lost money order. (*Id*.)

## DISCUSSION

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555)).

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (quotation marks omitted).

Turning to the instant action, the Court construes the complaint as alleging a claim against the USPS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, for the

2

failure to deliver her money order to the intended recipient, Dell Catalog.[1] The FTCA permits suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the FTCA prohibits claims against the USPS regarding mail delivery. 28 U.S.C. § 2680(b) ("The provisions of . . . section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."); *see also Robinson v. United States Postal Service*, 2012 WL 6177948, at *1 (E.D.N.Y. Dec. 11, 2012) (dismissing FTCA claim against the USPS for failure to deliver mail for lack of subject matter jurisdiction). Accordingly, Plaintiff's claim against the USPS under the FTCA for monetary damages must be dismissed for lack of subject matter jurisdiction.

---

1  Plaintiff may submit a claim to the USPS for the lost money order by completing and submitting a PS Form 6401 Money Order Inquiry, available at Plaintiff's local Post Office.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted for purposes of this Order. The instant complaint is dismissed with prejudice for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       May 16, 2013

                                            _____/s/_____
                                              DORA L. IRIZARRY
                                             United States District Judge